UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOWIE LUMBER ASSOCIATES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-01195** |
| **ANADARKO OGC COMPANY, *ET AL.*** | **SECTION: T(2)** |

# ORDER

Before the Court is a *Motion to Remand* filed by Plaintiff, Bowie Lumber Associates ("Bowie").[1] Defendants, Anadarko OGC Company and Anadarko E&P Onshore LLC ("Anadarko"), filed an opposition.[2] Bowie filed a reply.[3]

For the following reasons, Plaintiff's motion to remand is **GRANTED IN PART and DENIED IN PART**.

## FACTUAL BACKGROUND

Bowie filed this action in state court on March 2, 2018, against several parties, including Anadarko and Brammer Engineering, Inc. ("Brammer"), seeking recovery for alleged contamination of wetland property in Lafourche Parish.[4] Bowie filed its First Supplemental and Amended Petition for Damages on April 4, 2018, requested service on all parties, and propounded written discovery to each of the named defendants.[5] Brammer filed exceptions to each of the aforementioned petitions on June 29, 2018.[6] While those exceptions were pending, Brammer and Bowie actively continued the discovery process, including written discovery and coordinating

---

[1] R. Doc. 5. Plaintiff is properly named as Bowie Lumber Associates, LLC. *See* R. Doc. 8-1, p. 28.
[2] R. Doc. 10.
[3] R. Doc. 18.
[4] R. Docs. 1-2, 5-1.
[5] R. Doc. 5-1.
[6] *Id*.

1

depositions.[7] Bowie filed an opposition to Brammer's exceptions and a Second Amended and Supplemental Petition on September 18, 2018.[8] Brammer again filed exceptions on October 1, 2018.[9] These exceptions were argued in state court on December 11, 2018.[10] Brammer substituted counsel of record on February 26, 2019, while the exceptions were still pending.[11]

The state court ruled on Brammer's exceptions on March 18, 2019, some two weeks after the one-year deadline for removal to federal court.[12] Active litigation continued through 2021 when Pre-Trial Statements were drafted by all parties, including Brammer.[13] The Pre-Trial Statement included specific allegations against Brammer, as well as Brammer's designated corporate witnesses and inclusion of its stipulations.[14] Litigation continued as to all parties through January 2022, when the parties again submitted and drafted Pre-Trial Statements.[15] The state court set this matter for trial to commence on June 13, 2022.[16] Bowie filed a motion for partial summary judgment in March 2022 with an April 26, 2022 submission date.[17] In the interim, on April 20, 2022, Bowie dismissed its claims against Brammer without prejudice.[18]

Following its motion to continue filed in state court,[19] Anadarko removed this matter to federal court on April 29, 2022, citing diversity jurisdiction.[20] Anadarko acknowledged that its removal was untimely under the general rule of a one-year deadline for removal, but it alleges that

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] R. Doc. 1.

this matter can be removed due to Bowie's bad faith retention of Brammer to thwart diversity.[21] In opposition, Bowie argues that there has been no showing of bad faith and that there is not, in fact, complete diversity at this time because a member of Bowie moved to Texas in 2020, where Anadarko holds citizenship.[22] Bowie also seeks fees and costs incurred as a result of Anadarko's improper removal.[23] Anadarko additionally asks for limited discovery to ascertain jurisdictional diversity, and fees and costs associated with that discovery and this dispute over removal and remand if, indeed, diversity is not present in this matter.[24]

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction,[25] possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[26] Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[27] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[28] Civil actions filed in state court may be removed to the proper district court if the district court has original jurisdiction.[29] District courts have original jurisdiction of civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.[30]

---

[21] *Id*.
[22] R. Doc. 5.
[23] *Id*.
[24] R. Doc. 10.
[25] *Guadalupe-Blanco River Auth. v. City of Lytle*, 937 F.2d 184, 185 (5th Cir. 1991); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).
[26] *Kokkonen*, 114 S.Ct. at 1675.
[27] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).
[28] *Manguno*, 276 F.3d at 723.
[29] 28 U.S.C. § 1441(a).
[30] 28 U.S.C. § 1332(a)(1).

A case may not be removed citing diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[31] A finding of bad faith cannot be inferred based solely on allegations without "adequate evidence of plaintiff's intentional" actions to thwart diversity.[32] However, bad faith may be inferred from behavior that suggests manipulation where no explanation is provided or the explanation given is pretextual.[33] The removing party must show that "the plaintiff's bad faith in preventing removal [occurred] during the one-year period."[34] In addition, while evaluating bad faith following the one-year deadline, courts may evaluate whether the timing of dismissal of the non-diverse party is suspicious and knowledge that the claim against the non-diverse party is not viable.[35]

The Court finds that Anadarko has not made a sufficient showing to justify an inference of manipulation, nor has it pointed to evidence establishing that Bowie continued its claims against Brammer solely for the purpose of preventing removal. In fact, contrary to Anadarko's argument and cited authorities,[36] the record reflects active discovery and litigation between Bowie and Brammer during the one-year period in which to remove to federal court, and then after the period through April 2022 just prior to removal and two months before the scheduled trial. The mere timing of the dismissal of Brammer, after active discovery and litigation efforts, does not rise to the level that the Court may infer intentional manipulation to prevent removal or bad faith on the

---

[31] 28 U.S.C. § 1446(c)(1).
[32] *Miller v. Target Corp. of Minn.*, 2021 WL 1311267, at *7 (E.D. La. April 8, 2021).
[33] *Manuel v. Patterson*, 2021 WL 4452800, at *3 (E.D. La. Sept. 29, 2021).
[34] *Id.* at *6; *See also Turbine Generation Servs LLC v. Gen. Elec. Co.*, 2020 WL 2758971, at *6 (W.D. La. March 27, 2020).
[35] *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293-94 (5th Cir. 2019); *Barra v. Rayborn Trucking*, 2019 WL 683611, at *4,5 (E.D. La. Dec. 16, 2019); *LeBlanc v. Crowley Marine Servs., Inc.*, 2020 WL 8176124, at *4 (W.D. La. Oct. 15, 2020); *Turbine*, 2020 WL 2758971 at *6.
[36] R. Docs. 1, 10 *citing In re Propulsid*, 2007 WL 1668752, at *1 (E.D. La. June 6, 2007) (relying, in part, on assertions that Plaintiff served no discovery, sought no depositions, and did not identify experts against a defendant in support of a finding of bad faith).

part of Bowie. Absent such bad faith, Anadarko's removal of this matter to federal court is untimely. Because the removal is untimely, this matter should be remanded back to state court. Accordingly, the motion to remand is **GRANTED** as to this issue.

Finding that the removal of this matter was untimely and that remand is warranted, the Court considers as unnecessary any analysis of current diversity. Thus, Anadarko's request for limited jurisdictional discovery and fees and costs associated with that diversity determination is constructively denied.

In addition to remand, Bowie seeks fees and costs associated with the improper removal of this matter to federal court. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Decisions regarding awards of attorneys' fees under this section are within the sound discretion of the Court.[37] "The appropriate test for awarding fees under § 1447(c) should recognize Congress'[s] desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress'[s] basic decision to afford defendant a right to removal as a general matter, when the statutory criteria are satisfied."[38] Courts "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal."[39] While the timing of Anadarko's removal arguably points to an intent to prolong litigation, the Court will not award fees and costs to Bowie in this matter. Regardless of the final outcome of its argument, Anadarko reasonably relied on the timing of Brammer's dismissal on which to base removal. Although this Court was not persuaded, the argument's failure does not negate

---

[37] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 133 (2005).
[38] *Id*.
[39] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012).

Anadarko's reasonable basis for attempting removal. The request for fees and costs by Bowie is **DENIED.**

## **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the motion to remand is **DENIED** as to Bowie's request for attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the motion to remand is otherwise **GRANTED,** and this matter is hereby **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.

New Orleans, Louisiana this  24th  day of March, 2023.

                                                                                    _____
                                                                                    Hon. Greg Gerard Guidry
                                                                                    United States District Judge